enjoin that other person from competing activities.

4. Where lessors execute a lease without expressly limiting the use of the leased premises to the described purpose and, subsequently, the same lessors and another execute a lease for premises adjacent to that involved in the first lease, the second lessee may not enjoin the first lessee from engaging in a competing business activity, where the first lessee had no notice of the second lease or any plan, design, or intention of the lessors to develop or lease the properties for noncompeting uses.

5. Where the meaning of language in a lease is doubtful or ambiguous, it will be strictly construed against the party seeking to enforce it, where such party was also responsible for drafting it.

Judgment reversed.

Taft, C. J., Zimmerman, Matthias, O'Neill, Herbert and Brown, JJ., concur.

Announced Wednesday, June 16

38765. Bevy's Dry Cleaners and Shirt Laundry, Inc. appellee v. Streble et al., appellants. ▓▓▓▓▓▓▓▓ Schneider, Judge.

1. Words merely descriptive of the purpose for which premises are leased, when unaccompanied by express words of limitation or restriction to that purpose, will not be construed, at the instance of the lessors as proscribing the use of the premises for purposes similar or related to the described purpose.

2. In construing words descriptive of the purpose for which leased premises may be used, all doubts will be resolved in favor of that construction which least restricts the use of the property. (*Loblaw, Inc.* v. *Warren Plaza, Inc.*, 163 OhioSt. 581, 57 O.O. 10, approved and followed.)

3. At the instance of one whose own activity can be justified only by a liberal construction of words in a lease to which he is a party, equity will not adopt a strict construction of the same words in a lease to which another is a party so as to

38915. Lyons, appellee v. Lyons, appellant. ▓▓▓▓▓▓▓▓ O'Neill, Judge.

A spouse may not maintain an action against the other spouse for personal injuries resulting from the negligence of the other spouse where the married parties are living together as husband and wife at the time of alleged injury. (*Signs* v. *Signs,* 156 OhioSt. 566, 46 O.O. 471, and *Damm* v. *Elyria Lodge,* 158 OhioSt. 107, 48 O.O. 54, distinguished.)

Judgment reversed.

Taft, C. J., Zimmerman, Matthias, Herbert, Schneider and Brown, JJ., concur.

39157. Wolfrum, appellee v. Wolfrum, a Minor et al., appellants, et al. ▓▓▓▓▓▓▓▓ Matthias, J.

1. The Probate Court has plenary power at law and in equity fully to dispose of any matter properly before the court unless the power is expressly otherwise limited or denied by statute. (Section 2101.24, Revised Code.)

2. The Probate Court has exclusive jurisdiction, unless otherwise provided by law, as to all matters set forth in Section

2101.24, Revised Code, and as to all matters pertaining directly to the administration of estates. (Paragraph one of the syllabus of *Jacobsen* v. *Jacobsen*, 164 OhioSt. 413, 58 O.O. 239, approved and followed.)

3. The Probate Court has exclusive jurisdiction of an action to rescind a renunciation of intestate succession properly filed with it.

Judgment reversed.

Taft, C. J., Zimmerman, O'Neill, Herbert, Schneider and Brown, JJ., concur.